UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BZ Clarity Phantom Sub, LLC, dba BASE Entertainment Phantom,<br><br>Plaintiff,<br><br>v.<br><br>Board of Trustees, Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada (IATSE) Local 720 Pension Plan, et al,<br><br>Defendants. | Case No. 2:13-cv-01541-MMD-GWF<br><br>ORDER<br><br>(Plaintiff's Emergency Motion to Stay Arbitration Proceedings… – dkt. no. 5) |

I.  **SUMMARY**

Before the Court is Plaintiff BZ Clarity Phantom Sub, LLC, dba BASE Entertainment Phantom's ("BASE Phantom") Emergency Motion to Stay Arbitration Proceedings, Suspend Interim Withdrawal Liability Payments and Objection to AAA Application of Rules other than the PBGC Rules of Procedure as described in 29 C.F.R. § 4221.1 et seq ("Motion"). (Dkt. no. 5.) For the reasons set forth below, the Motion is granted in part and denied in part.

II.  **DISCUSSION**

Plaintiff commenced this action against the Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada (IATSE) Local 720 Pension Plan ("IATSE

Plan"), the IATSE Plan's trust ("IATSE Plan Trust") and individual defendants. (Dkt. no. 1.) Plaintiff was involved in the production of *Phantom of the Opera* in Las Vegas. Pursuant to a collective bargaining agreement, BASE Phantom contributed to the IATSE Plan and IATSE Plan Trust until the show closed in September, 2012. Two months later, IASTE Plan issued BASE Phantom a notice of withdrawal liability in the amount of $4,436,840. BASE Phantom argues that it does not have any withdrawal liability obligations related to the IATSE Plan and seeks declaratory and injunctive relief to that effect.

In addition to filing this action, BASE Phantom commenced arbitration proceedings before the American Arbitration Association in order to contest the amount of the withdrawal liability. The arbitration is entitled *BZ Clarity/Phantom sub, LLC and Nevada Resort Association-IATSE Local 720 Pension Trust, Case:* AAA Arbitration No. 79 621 00094 1 ("Arbitration"). The Motion seeks a stay of the Arbitration and a stay of interim withdrawal liability payments until this action is resolved. (*See* dkt. no. 5.) The Motion also raises objections to arbitration procedure. (*Id.*)

BASE Phantom argues that, in order to challenge the amount of withdrawal liability, it had a statutory obligation to initiate arbitration within a limited amount of time. (Dkt. no. 5 at 8.) BASE Phantom thus states that it was "compelled to initiate" the Arbitration in order to challenge the amount of withdrawal liability. The Motion asks for a stay of the Arbitration so that the Court can decide threshold issues in this case, including whether BASE Phantom has any withdrawal liability obligations under the IATSE Plan. In their opposition, Defendants "take[] no position" on whether the Arbitration should be stayed. (Dkt. no. 14 at 2.) As the issue is unopposed, the Court finds it appropriate to stay the Arbitration.[1]

///

---

[1] The Court need not address Plaintiff's objections to arbitration procedure at this time. In the event the stay is lifted, the Court will then consider said objections.

BASE Phantom also requests a stay of their interim withdrawal liability payments. Defendants argue that such payments are mandatory under 29 U.S.C. § 1399(c)(2). (*See* dkt. no. 14 at 6.) BASE Phantom argues that 29 U.S.C. § 1399(c)(2) would have no bearing if this Court were to find that Plaintiff had no withdrawal liability obligations. (*See* dkt. no. 27 at 11–12.) The Motion thus requests "a brief stay of the duty to make further payments" until the issues in this action are resolved. (*Id.*) BASE Phantom's request is procedurally improper as the Court is unaware of any authority that would allow it to stay withdrawal liability payments. Further, if BASE Phantom continues to make withdrawal liability payments during the pendency of the case, such monetary loss would be recoverable if this action were to be resolved in Plaintiff's favor. *See e.g., Lydo Enter., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir.1984) (money damages alone do not constitute irreparable harm).

## III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motion.

It is hereby ordered that Plaintiff's Emergency Motion to Stay Arbitration Proceedings, Suspend Interim Withdrawal Liability Payments and Objection to AAA Application of Rules other than the PBGC Rules of Procedure as described in 29 C.F.R. § 4221.1 et seq (dkt. no. 5) is granted in part and denied in part. The Arbitration is stayed. Plaintiff's request for a stay of withdrawal liability payments is denied. Plaintiff's objections to arbitration process and procedure raised in the Motion are deferred.

ENTERED THIS 28th day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE